IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHANE LEE CONLEY,            )
                             )
        Plaintiff,            )
                             )
    vs.                      )   Civil Action No. 11-1112
                             )
MICHAEL J. ASTRUE,           )
COMMISSIONER OF SOCIAL SECURITY, )
                             )
        Defendant.            )

O R D E R

AND NOW, this 18th day of March, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision

1

must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises a number of arguments, but his primary contention appears to be that the Administrative Law Judge ("ALJ") erred in her evaluation of the medical opinion evidence because she "improperly disregarded the medical opinion of plaintiff's treating and examining physicians." Plaintiff's Brief (Doc. No. 17 at 17). Plaintiff argues that the ALJ erred by giving less weight to the opinions of Dr. McGuire, his treating psychiatrist, and Dr. Eisler, a consultative examiner hired by his attorney. As a result, he argues that the ALJ's Residual Functional Capacity ("RFC") determination and ensuing hypothetical to the vocational expert ("VE") lack the support of substantial evidence. The Court disagrees and finds that substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled.
    First, the Court notes that the ALJ was not bound by any of the medical opinions in the record. Indeed, it is well-established that "[t]he ALJ — not treating or examining physicians or State agency consultants — must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir. 2011) ("The law is clear ... that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity."). A treating physician opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and it is not inconsistent with the other substantial evidence in the record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007)("If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains her reasons and makes a clear record.").
    After conducting its own careful and independent review of the record, the Court finds that substantial evidence supports the ALJ's assessment of the medical evidence as well as her conclusion that Plaintiff retained the ability to perform work consistent with her RFC finding. Indeed, in making her RFC

determination, the ALJ: (i) discussed and analyzed all of the relevant medical evidence in the record, (ii) addressed the countervailing evidence which conflicted with her findings, and (iii) provided logical and detailed justifications for why certain conflicting evidence was given less weight or considered to be unpersuasive. (R. 22-39).

Contrary to Plaintiff's contentions, the ALJ did not violate the treating physician rule, because she found that Dr. McGuire's opinion was unsupported by clinical findings and contradicted by the record as a whole, thus rendering it less persuasive. The ALJ reached that conclusion after she surveyed the medical evidence and found that Dr. McGuire's opinion relied too heavily on Plaintiff's subjective complaints and failed to take into account other considerations, like his non-compliance with his medication and the fact that it conflicted with her own progress notes which showed benign clinical findings. (R. 31-32). Furthermore, the ALJ explained in detail why she gave little weight to Dr. Eisler's opinion that Plaintiff was "unemployable" and the ALJ was also entitled to disregard (with explanation) certain portions of the state agency consultative examiner's opinion which she found was not fully supported by the objective evidence of record. (R. 34-37).

The Court notes that Plaintiff is mistaken in his assertion that the ALJ "made no mention whatsoever of the two earlier psychiatric evaluations performed by [Dr. McGuire on March 31, 2005 and August 17, 2005]." (Doc. No. 17 at 19). The ALJ *did* consider Dr. McGuire's March 2005 evaluation because she summarized the report (R. 25) and then later discussed why she gave little weight to the "initially assigned (March 2005) GAF of 35." (R. 36). While the ALJ may not have made mention of Dr. McGuire's August 2005 evaluation wherein she assigned a GAF of 40, the ALJ is not required to discuss every single piece of relevant evidence in the record. See Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). Given the ALJ's discussion of the March 2005 and November 2007 evaluations, and the fact that the March 2005 evaluation contained a lower GAF score, the Court is satisfied that the ALJ considered the August 2005 evaluation when she analyzed the record and any failure on her part to specifically refer to that evaluation was harmless since she clearly was aware that Dr. McGuire assigned low GAF scores.

Furthermore, the Court notes that the ALJ recognized the fact that Dr. Eisler's opinion and Dr. McGuire's opinion appeared to support each other, but the ALJ explained why neither of those opinions was entitled to great weight. (R.

3

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 16) is DENIED and defendant's Motion for Summary Judgment (document No. 20) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

34). The Court finds that substantial evidence supports that assessment.

Thus, the Court finds that the ALJ discharged her duty of clearly articulating the reasoning underlying her findings. In giving less weight to the opinions of Dr. McGuire and Dr. Eisler, the Court notes that the ALJ did not rely on her own amorphous impressions gleaned from the record, but rather the objective medical evidence as a whole. The Court also finds that the ALJ incorporated into her RFC finding only those limitations which she found were credibly established by the objective medical evidence in the record. See Salles, 229 Fed. Appx. at 147 ("to the extent that he found some of Salles's alleged limitations less than credible, the ALJ properly excluded them from the RFC").

Plaintiff essentially invites this Court to re-weigh the evidence, and substitute its own judgment for that of the ALJ, which it clearly is not permitted to do under a "substantial evidence" standard of review. See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) ("In the process of reviewing the record for substantial evidence, we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'") (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir.1992)). The Court also notes that Plaintiff, without asking for a new evidence remand, attached numerous medical records that are wholly irrelevant and not subject to consideration because they post-date the ALJ's decision and were not part of the record before the ALJ. See Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir.1991) (noting that evidence not presented to the ALJ "cannot be used to argue that the ALJ's decision was not supported by substantial evidence").